IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No.: 26-cv-212

$12,170.00 IN U.S. CURRENCY,

    Defendant.

VERIFIED COMPLAINT *IN REM*

Plaintiff, United States of America, by its attorneys, Chadwick M. Elgersma, Acting United States Attorney for the Western District of Wisconsin, and by Heidi L. Luehring, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure. The allegations in this Complaint are supported by a declaration from Clint Seltzner, Detective with the Dane County Sheriff's Office, currently assigned as a Task Force Officer with the Drug Enforcement Administration (DEA).

1. This is a civil action *in rem* brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*

2. The defendant property consists of $12.170.00 in U.S. currency seized on October 15, 2025, in Madison, Wisconsin.

3. Plaintiff brings this action *in rem* to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem*, pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

5. Law enforcement conducted a drug investigation, from approximately August 2025 to October 2025, involving Jesse Taylor (Taylor).

Buy 1:

      6.      On August 5, 2025, law enforcement coordinated the controlled purchase of cocaine and cocaine base from Jesse Taylor (Taylor) utilizing a confidential informant (CI) and an undercover police officer (UC). CI contacted Taylor via a phone call.

      7.      UC and CI drove to the Holiday Inn Express at 5150 High Crossing Boulevard in the City of Madison, Dane County, Wisconsin. A Chevrolet Malibu (Malibu) with Wisconsin License plate AAD8293 arrived at the location driven by Taylor. The CI entered the Malibu and conversed with Taylor. CI exchanged $40 in pre-recorded buy money for the cocaine base.[1]

      8.      CI exited the Malibu and met with UC. CI said that Taylor needed to travel to an unspecified location to obtain the $100 of cocaine. Both CI and UC entered the Malibu. Taylor drove CI and UC to Vitense Golfland (Vitense) parking lot at 5501 Schroeder Road in the City of Madison, Dane County, Wisconsin. Both CI and UC exited the Malibu. Taylor drove away leaving CI and UC in the parking lot.

      9.      Approximately 14 minutes later Taylor returned to the Vitense parking lot, both CI and UC got back into the Malibu. CI exchanged $100 in pre-recorded buy

---

[1] The substance weighed approximately .6 grams. Using a TruNarc narcotics analyzer, the substance field tested positive for cocaine base.

3

money for cocaine.[2] Taylor drove CI and UC to a third location, where CI and UC exited the vehicle.

10. According to Wisconsin Department of Transportation (Wisconsin DOT) records the 2015 Chevrolet Malibu was registered to Cierra Dominique Williams at 5837 Raymond Road, Apartment 1, in the City of Madison (5837 Raymond Road).

GPS tracking Malibu

11. On August 11, 2025, law enforcement applied for and obtained a Global Positioning System (GPS) warrant for the Malibu.

Buy 2

12. On August 22, 2025, CI contacted Taylor to arrange for the purchase of cocaine base. CI entered the Malibu as it was parked on East Wilson Street in the City of Madison, Wisconsin. CI gave $140 in prerecorded buy funds to Taylor in exchange for cocaine base[3] and exited the vehicle.

13. Law enforcement continued surveilling the Malibu through electronic (GPS) and physical surveillance. Taylor parked the Malibu near the Walgreens located at 5702 Raymond Road in the City of Madison.

---

[2] The substance weighed approximately 2.0 grams. Using a TruNarc narcotics analyzer, the substance field tested positive for cocaine.

[3] The substance weighed approximately 1.9 grams. Using a TruNarc narcotics analyzer, the substance field tested presumptive positive for base cocaine.

14.     Approximately 8 minutes later the Malibu left the Walgreens parking lot and traveled toward the intersection of Balsam Road and Iris Lane, approximately one block south of Walgreens. At the same time, law enforcement observed a Chevrolet Traverse (Traverse) with Wisconsin license plate AXE9085 exit the driveway of 5837 Raymond Road. Both the Malibu and the Traverse parked on Balsam Road at Iris Lane. Law enforcement noted the front passenger door was open and the upper body of an unidentified person was leaning inside the Malibu. The person leaning into the Malibu had a clothing item that was black and white in color.

15.     Approximately 3 minutes later both vehicles drove away from the intersection. The Traverse traveled back to 5837 Raymond Road. Law enforcement observed a female wearing black and white checkered shorts walking to an exterior door of the apartment building. Law enforcement did not see the female's face but said the physical descriptor listed in the Wisconsin DOT records for Cierra Williams was consistent with the female observed walking to 5837 Raymond Road.

16.     According to Wisconsin DOT records the Traverse was registered to Taylor at 5837 Raymond Road, Apartment 1, Madison, Wisconsin.

Buy 3

17.     On September 10, 2025, CI contacted Taylor to arranged for the purchase of heroin/fentanyl and cocaine base. At the time of the phone call between CI and Taylor, law enforcement observed the Malibu in the driveway of 1408 Theresa Terrace in the City of Madison. A man believed to be Taylor was seen entering the Malibu and

driving directly to the CI's location on East Wilson Street between South Baldwin Street and South Few Street in Madison, Wisconsin. Upon opening the front passenger door of the Malibu, CI noted a black semi-automatic pistol in the glove box. Taylor closed the glove box before CI entered the front passenger seat. Taylor drove off with CI in the vehicle ultimately parking on Main Street near the intersection with South Ingersol Street. CI provided Taylor with $200 in prerecorded buy funds in exchange for heroin/fentanyl[4] and base cocaine.[5] According to the CI, Taylor pulled from his left pant pocket a glass jar containing four to five eight balls of cocaine base and a bag containing 25 to 30 grams of heroin/fentanyl. From his right pant pocket Taylor pulled out $10,500 in U.S. currency. Taylor told the CI he had made the money in the preceding 48 hours. Taylor photographed the CI holding the money using the CI's phone.[6] CI exited the Malibu. Electronic surveillance of the Malibu showed it traveled back to 1408 Theresa Terrace.

Buy 4

18.  On October 2, 2025, CI contacted Taylor to arranged for the purchase of heroin/fentanyl and cocaine base. CI met Taylor near the intersection of South

---

[4] The substance weighed approximately 1.8 grams. Using a MobileDetect Fentanyl test, the substance field tested presumptive positive for heroin/fentanyl.

[5] The substance weighed approximately 2.6 grams. Using a TruNarc narcotics analyzer, the substance field tested presumptive positive for base cocaine.

[6] CI later showed law enforcement the photo located on his cell phone.

6

Thornton Avenue and Williamson Street in Madison, Wisconsin. Taylor arrived at the location driving the Traverse. CI entered the rear passenger seat behind the front passenger. An unknown black female was in the front passenger seat. Taylor removed the cocaine base from the center console of the Traverse and handed CI the cocaine base[7] but did not provide any heroin. Taylor told CI a ball (3.5 grams) of cocaine was $200. Taylor removed some cocaine base from the package he turned over to CI in turn CI demanded $60 be returned. Taylor said he could take CI to get heroin, but CI said that was not an option. Taylor returned $60 of the prerecorded buy money and CI only received the cocaine base. CI exited the Traverse.

Search Warrant:

19. On October 15, 2025, law enforcement executed a search warrant issued by the Circuit Court Dane County, Wisconsin, at 5837 Raymond Road, Apt. 1, Madison, Wisconsin. Present during the execution of the warrant was Cierra Williams, an adult female identified as William's sister, and four children.

20. In an interview with Williams she stated she had two firearms in the house, one in her purse and one in the lock box under her bed. William stated that Taylor does not live at the apartment because he is prohibited as part of his probation. She said he does not have access to her guns but acknowledged that he has belongings

---

[7] The substance weighed approximately 2.6 grams. Using a TruNarc narcotics analyzer, the substance field tested presumptive positive for base cocaine.

in both the basement and main floor of the house. There were bank documents, checks, and prescriptions for Taylor in the bedroom and living area of the basement. Cierra said Taylor comes to her apartment on Tuesdays and Thursdays to see his children but does not stay there. Cierra said that she did not have any knowledge of illegal drugs in her apartment or in the common basement. Cierra said her keys were in the back room upstairs and may have the key for the gun lock box. The keys were later located in a different location and left with the lock box in the basement.

21. In the basement bedroom, law enforcement located a large purse on the bed. The purse contained a fanny pack. Inside the fanny pack was a small Ruger LCP handgun. The gun was not loaded but a six-round magazine was full and in a side pouch near the gun. Under the head of the bed was a small lockbox. The keys for the lock box were found in the bedroom. Inside the lockbox was a Beretta 9mm handgun and two full magazines containing approximately six rounds each. The gun was loaded with one round. In the basement closet were five partially full boxes of assorted ammunition.

22. In a basement closet, officers located a large safe. There was no key for entry. Law enforcement opened the safe. Inside the safe was a wallet with several forms of ID for Jesse Taylor, two partially full boxes of ammunition, documents related to the purchase of a diamond solitaire ring for approximately $1,000, a ring matching the description in a Roger's and Holland's box, a pile of loose U.S. currency, and two rolls of coins. The currency consisted of numerous $100 bills, other smaller bills, and $2 bills.

The $2 bills totaled $114 and are not included in the forfeiture. The remaining currency totaled $12,170.

23. A drug dog alerted for the odor of narcotics on the seized $12,170 in U.S. currency.

24. Any additional facts and circumstances supporting the seizure of the defendant property are contained within the attached declaration and incorporated herein this complaint.

WHEREFORE, the United States of America prays:

(1) that process of warrant be issued for the arrest of the defendant property;

(2) that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) that judgment be entered ordering the property forfeited to the United States of America for disposition according to law; and

(4) that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 13th day of March 2026.

> CHADWICK M. ELGERSMA
> United States Attorney
>
> By:   */s/ Heidi L. Luehring*
> HEIDI L. LUEHRING
> Assistant U. S. Attorney
> 222 W. Washington Avenue
> Suite 700
> Madison, Wisconsin 53703

9